## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WILLIAM AUSTIN FLOWERS, JR.** | * | |
| | * | |
| **v.** | * | **Civil Action No. CCB-15-1466** |
| | * | **Related Crim. Case CCB-06-0222** |
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | *** | |

### MEMORANDUM

Pending is William Austin Flowers's ("Flowers") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. ECF No. 119. After reviewing the parties' submissions, the court finds that no hearing is necessary. *See Rule 8(a), Rules Governing Section 2255 Cases in the United States District Courts*; Local Rule 105.6 (D. Md. 2014). For the reasons stated herein, the motion to vacate, set aside, or correct sentence will be dismissed as time-barred, and a certificate of appealability will not issue.

### BACKGROUND

Flowers pled guilty to one count of Hobbs Act robbery and one count of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). He was sentenced on March 30, 2007, to 70 months imprisonment for the robbery charge and 84 months imprisonment, to run consecutively, on the 924(c) charge. ECF No. 62. The judgment was signed and docketed on April 12, 2007. *Id.* Flowers contends that he instructed his attorney to appeal the judgment, but his attorney failed to do so. ECF No. 119 at 9. Flowers did not file a notice of appeal until November 7, 2013. ECF No. 108. His appeal was dismissed as untimely by the United States Court of Appeals for the Fourth Circuit on November 5, 2014. ECF No. 117. He then filed a petition for writ of certiorari to the United States Supreme Court, which was

denied on April 20, 2015.  ECF No. 119 at 7.  Flowers filed the instant motion pursuant to 28

U.S.C. § 2255 on May 21, 2015.  *Id.* at 1.

**DISCUSSION**

**I.    LIMITATIONS PERIOD**

Pursuant to 28 U.S.C. § 2255(f), a motion to vacate, set aside, or correct must be filed

within one year, running from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Flowers asserts that his motion is timely because it was filed within one year of the denial

of his writ of certiorari by the United States Supreme Court.  *See* ECF No. 134 at 1.  A

conviction becomes final for the purpose of starting the one-year limitations period when the

opportunity to appeal expires.  *See Clay v. United States*, 537 U.S. 522, 524-25, 532 (2003).  In

the instant case, judgment was entered on April 12, 2007.  Thus, Flowers's conviction became

final for the purposes of § 2255(f)(1) ten days later when his opportunity to appeal expired. *See*

Fed. R. App. P. 4(b)(1)(A)(i).  Accordingly, the one year statute of limitations had long expired

when Flowers filed his notice of appeal in 2013.  Flowers's untimely appeal and request for

certiorari do not revive or extend his opportunity to file a § 2255 motion.  *See Gillis v. United*

*States*, 729 F.3d 641, 644 (6th Cir. 2013) ("A conviction becomes final when the time for direct

appeal expires and no appeal has been filed, not when an untimely appeal is dismissed . . . .").

Thus, Flowers's motion, filed on May 21, 2015, was filed well after his opportunity to appeal had expired, and is therefore untimely.

Flowers's motion would also be untimely under the other provisions of § 2255(f). Neither § 2255(f)(2) nor (f)(3) is applicable to Flowers's case because there were not, at any time, impediments created by government action that prevented Flowers from making such a motion, or a Supreme Court decision newly recognizing any relevant rights to be applied retroactively.

Flowers asserts several claims in his § 2255 motion.  ECF No. 119 at 9.  Specifically, he argues that he was improperly sentenced to 84 months in prison based on facts not proven to the jury; that his counsel failed to advance claims regarding Fourth Amendment violations; and that his counsel provided ineffective assistance regarding pre-trial motions.  *Id.* at 9.  Furthermore, Flowers argues that his counsel failed to timely file a notice of appeal.  He then asserts that his claims are timely under f(4).  For subsection (f)(4) to apply, however, the petitioner must have acted with "due diligence" in discovering facts to support his claim.  "[D]iligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest in challenging the prior conviction . . . ." *Johnson v. United States*, 544 U.S. 295, 308 (2005).  Here, Flowers has not demonstrated that he acted with due diligence when he waited over six years before filing a notice of appeal, and longer to file the instant motion.  Even if he believed his attorney had filed a notice of appeal as requested, waiting six years to inquire further about his appeal falls well short of due diligence.  *See id.* at 311 (finding that Petitioner, a *pro se* prisoner, had failed to exercise due diligence in pursuing his claim when he waited three years after his federal conviction was final to file a motion challenging a state conviction used to enhance his federal sentence).

3

In addition, Flowers has not shown that there were any facts supporting his other claims that he would not have known at the time judgment was entered.  Rather, the facts he asserts in support of his motion would have been known to him when judgment was entered, or earlier. Accordingly, Flowers's motion is not timely under any provision of § 2255(f).

## II.     EQUITABLE TOLLING

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'"  *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).  To be entitled to equitable tolling, the movant must show (1) that he has acted with "reasonable diligence" in pursuing his rights, and (2) that some extraordinary circumstance prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649, 653 (2010).  Flowers did not act with "reasonable diligence" in pursuing his rights, nor has he shown any "extraordinary circumstance."  Instead, he waited more than six years to file a notice of appeal, and longer to file the instant motion. Thus, Flowers provides no colorable arguments to support equitable tolling.

## III.     CERTIFICATE OF APPEALABILITY

In addition to the analysis above, the Court must decide whether a certificate of appealability ("COA") should be issued.  Without a COA, a petitioner may not appeal the court's decision on a § 2255 motion.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).  A COA may only issue if the petitioner has "made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To do so, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the

issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Because Flowers has not made a substantial showing of the denial of his constitutional rights, this court will not issue a COA. [1]

## CONCLUSION

Having concluded that the motion to vacate was filed outside the statute of limitations, the court will dismiss the motion as untimely.  A certificate of appealability will not issue.  A separate order follows.


<u>April 1, 2016</u>                                                         _____/S/_____
Date                                                                              Catherine C. Blake
                                                                                     United States District Judge

---

[1] The denial of a COA by the district court does not prevent a petitioner from seeking a COA from the Court of Appeals.